<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS JOSE PINTO PORTILLO,<br><br>　　Petitioner,<br><br>　　v.<br><br>PAM BONDI *et al.*,<br><br>　　Respondents. | No. 26cv2618 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Mirna Isabel Lara Gutierrez as a "next friend" for Petitioner Luis Jose Pinto Portillo, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.") at 3. Gutierrez also filed an emergency motion seeking Petitioner's immediate release. D.E. 2 ("TRO").

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will **ADMINISTRATIVELY TERMINATE** this matter.

**I.    BACKGROUND**

On March 13, 2026, Gutierrez submitted the Petition, signed "Mirna Isabel Lara Gutierrez, Next Friend of Luis Jose Pinto Portillo." Petition at 8; TRO at 1.

Gutierrez raises various grounds for relief on Petitioner's behalf: (1) Petitioner's detention violates his Fifth Amendment right to due process. Petition at 4. In the alternative to seeking

release, Gutierrez requests that the Court order Respondents to provide Petitioner with an individualized bond hearing. Petition at 4–5.

Petitioner was detained by Immigration and Customs Enforcement ("ICE") when he was on his way to work. *Id.* at 4. Petitioner is being held in Delaney Hall in Newark, New Jersey. *Id.* Petitioner's English is limited and he does not have meaningful access to legal materials at Delaney Hall. *Id.* at 3.

Guierrez also submitted a declaration in support of his request to serve as next friend to Petitioner. Petition at 6. In the Petition, Gutierrez states that she is Petitioner's "long-term partner" and that she is the mother of his two-year old son. *Id.* ¶¶ 3, 6.

## II.     JURISDICTION

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

## III.    DISCUSSION

Gutierrez seeks to file the Petition on Petitioner's behalf. Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "[N]ext friend" standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next friend status, the third person must satisfy two requirements. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence,

or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Gutierrez has established the first eligibility requirement to serve as next friend by alleging sufficient facts of Petitioner's inaccessibility to appear and prosecute this action himself—namely, that Petitioner faces language barriers and lacks access to meaningful legal services. Gutierrez has also established a significant relationship with Petitioner—she is his long-term partner and mother of his child—which establishes that Gutierrez, in seeking her partner's release from allegedly unlawful detention, is acting on behalf of Petitioner's best interests.

Nevertheless, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Therefore, the Court will administratively terminate this matter, subject to reopening if Gutierrez obtains counsel or Petitioner files a *pro se* habeas petition.[1] *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).

---

[1] The United States Department of Justice administers a list of pro bono legal services for individuals in immigration proceedings. *See* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., List of Pro Bono Legal Service Providers, https://www.justice.gov/eoir/file/probonofulllist/download. Petitioner and Gutierrez may reference the list for assistance in seeking counsel.

3

IV. **CONCLUSION**

For the foregoing reasons, the Court will **ADMINISTRATIVELY TERMINATE** the Petition and the TRO *without prejudice* and subject to reopening.  An appropriate Order follows.


Dated: March 13, 2026

                                                          Evelyn Padin, U.S.D.J.